UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH WILLIAMS, | Case No. 3:22-cv-00197-MMD-CSD |
| Plaintiff-Appellant, | Ninth Circuit Court of Appeals Case No. 23-15465 |
| v. | ORDER |
| CITY OF SPARKS, *et al.*, | |
| Defendants-Appellees. | |

This case arises from the police shooting of Joseph Williams in May 2020. (ECF No. 1 at 6.) Williams sued Defendants the City of Sparks, Christopher Bare, Christopher Rowe, Mateo Terrasas, Charles Colborn, Nathan Janning, Vernon Taylor, and Austin Gibson under state law and 42 U.S.C. § 1983, alleging, among other things, that the police officer defendants used excessive force against him and denied him medical care, and that the City of Sparks was liable to him for these actions. (*See generally id.*) Defendants sought summary judgment on each of Williams' claims and raised the defense of qualified immunity. (ECF No. 20.) The Court dismissed Williams' denial of medical care claim (claim 2) and granted summary judgment to Defendants on Williams' negligence claim (claim 7). (ECF No. 38 at 20.) But the Court otherwise denied summary judgment on Williams' claims relating to excessive force, municipal liability, and battery (claims 1 and 3 through 6). (*See generally id.*) Defendants appealed. (ECF No. 39.)

The United States Court of Appeals for the Ninth Circuit found Defendants were entitled to qualified immunity and reversed the Court's decision "denying summary judgment on the excessive force, municipal liability, and battery claims and remand[ed] for proceedings consistent with this opinion." (ECF No. 45 ("Opinion") at 19.)

///

Now that the Ninth Circuit recently issued its mandate (ECF No. 46), the Court issues this order to resolve this case consistently with the Ninth Circuit's Opinion.

It is therefore ordered that the Court vacates its order (ECF No. 38) in part to the extent it denied summary judgment to Defendants on some of Williams' claims and grants summary judgment in Defendants' favor on Plaintiff's remaining claims (claims 1 and 3 through 6).

The Clerk of Court is directed to enter judgment accordingly, in Defendants' favor, and close this case.

DATED THIS 9th Day of September 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE